IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| PAMELA SUE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:13-cv-00046 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SOCIAL SECURITY | ) | By: Hon. Jackson L. Kiser |
| ADMINISTRATION, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("Report") of the Honorable Joel C. Hoppe, recommending that I grant Defendant's Motion to Dismiss [ECF No. 9], deny Plaintiff's miscellaneous motions as moot [ECF Nos. 8, 11, 14], and dismiss this case from the active docket of the Court. [ECF No. 26.] Magistrate Judge Hoppe filed the Report on May 8, 2014, from which date the parties had fourteen (14) days to file and serve specific written objections to the proposed findings and recommendations. *See* Fed. R. Civ. P. 72(b)(2). Plaintiff filed a written Objection to the Report on May 12, 2014. [ECF No. 27.] Defendant offered no response within the subsequent fourteen (14) day period, and the matter is now ripe for review.

Plaintiff has failed to file a proper written objection. Pursuant to Rule 72(b)(2), "a party may serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). "[A] judge of the court shall make a de novo determination of *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." 28 U.S.C. § 636(b)(1)(C) (2014) (emphasis added). A *general* objection to the proposed findings and recommendations of a magistrate judge, on the other

hand, has the same effect as no objection at all.[1]

In his Report, Magistrate Judge Hoppe recommends that the case be dismissed for lack of subject-matter jurisdiction, due to Plaintiff's failure to exhaust available administrative remedies. In her Objection, Plaintiff states that she "is dissatisfied with the [C]ommissioner's decision," and notes several general grievances and arguments relating to the merits of her underlying claim. (Object. 1, 1–5.) At no point, however, does Plaintiff address the issue of subject-matter jurisdiction that led Judge Hoppe to conclude that dismissal is appropriate.

Without any *specific* written objections to the Report, I find that Plaintiff is not entitled to de novo review. Having found no clear error from the face of the Record, I will accept the findings and recommendations of Judge Hoppe. Accordingly, I hereby **OVERRULE** Plaintiff's Objections [ECF No. 27], **ADOPT** the Report and Recommendation [ECF No. 26], **GRANT** Defendant's Motion to Dismiss [ECF No. 9], **DENY** Plaintiff's other miscellaneous motions as moot [ECF Nos. 8, 11, 14], and **DISMISS** this case for lack of subject-matter jurisdiction. The Clerk is directed to remove this case from the active docket of the Court.

---

[1] *See, e.g.*, *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized . . . ."); *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by [Rule 72(b)] is, standing alone, a sufficient basis upon which to affirm the judgment of the district court . . . ."); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) ("[B]ecause Plaintiff's re-filed brief constitutes, at most, a general objection to the Report, and '[a] general objection . . . has the same effect as would a failure to object,' no part of the Report is subject to this Court's de novo review.") (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

The Clerk is directed to send a copy of this Order to Plaintiff and all counsel of record, as well as to Magistrate Judge Hoppe.

ENTERED this 29th day of May, 2014.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE